# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-624V

|  |  |
|---|---|
| BALA MUCCALA,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: January 17, 2025 |

*Andrew Donald Downing, Downing, Allison & Jorgenson, Phoenix, AZ,* for Petitioner.

*Rachelle Bishop, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 6, 2022, Bala Muccala filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration a Table injury, resulting from an influenza vaccine he received on November 9, 2021. Petition, ECF No. 1. On August 29, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 36.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $26,541.75 (representing $25,805.50 in fees plus $736.25 in costs). Application for Attorneys' Fees and Costs ("Motion") filed September 5, 2024, ECF No. 39. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. *Id.* at 14.

Respondent reacted to the motion on September 19, 2024, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-3, ECF No. 40. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests. The hourly rates requested for attorneys Downing, Allison and Jorgenson and their associated paralegals for time billed in 2023-24 are reasonable and consistent with our prior determinations and will therefore be adopted herein. However, the 2022 hourly rate requested by attorney Andrew Downing, requires adjustment.

Attorney Downing was previously awarded the *lesser* rate of $415 per hour for his time billed in the 2022 timeframe. *See Einweck v. Sec'y of Health & Hum. Servs.*, No. 20-559V, 2022 WL 3011016 (Fed. Cl. Spec. Mstr. June 24, 2022); *Thoma v. Sec'y of Health & Hum. Servs.*, No. 19-1848V, 2022 WL 3573421 (Fed. Cl. Spec. Mstr. July 14, 2022); and *Sewell* v. *Sec'y of Health & Hum. Servs.*, No. 19-1486V; Slip Op. 54 (Fed. Cl. Spec. Mstr. July 12, 2023). I find no reason to deviate from such reasoned determination, and hereby reduce his rate accordingly, to be consistent with the aforementioned decisions. **This results in a reduction of attorney's fees to be awarded of $66.00**.[3]

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 39 at 21-46. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $26,475.75 (representing $25,739.50 in fees plus $736.25 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account**

---

[3] This amount consists of ($445 - $415 = $30 x 2.2 hrs.) = $66.00

**for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.